IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE BUILDING LABORERS 310 PENSION FUND, et al., | ) ) ) | CASE NO.: 1:09 CV 462 |
| Plaintiffs, | ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) ) | |
| COLEMAN DEVELOPMENT, INC., et al., | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings. (ECF # 21.) For the reasons set forth below, Defendants' Motion is DENIED.

## I. BACKGROUND

On March 2, 2009, Trustees of the Building Laborers Local 310 Pension Fund, Welfare Fund, Annuity Fund, and Supplemental Unemployment Benefits Fund (collectively "Plaintiffs") filed a Complaint against Defendants Coleman Development, Inc. ("CDI") and Coleman Trucking, Inc. ("CTI"). (ECF # 1.) Plaintiffs attempt to bring this action pursuant to Section 301 of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, and Sections 409(a), 502(a)(3), (e), (f) & (g) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1109, 1132(a)(3), (e), (f) & (g) and 1145. (*Id.* at ¶ 1.) In the Complaint, Plaintiffs allege that Defendants CDI and CTI are alter egos of each other, resulting in their status as "joint employers" and a "joint enterprise." (*Id.* at ¶ 5.)

According to Plaintiffs, Defendant CDI has entered into a series of collective bargaining agreements with Local 310, the most recent of which is in effect from May 1, 2005 through April 30, 2009 (the "Agreement"). (*Id.* at ¶ 6.) Plaintiffs allege that, under the terms of the

Agreement, CDI was to be bound by the terms of Plaintiffs' Trust Agreements, relating to employees performing laborers work within its jurisdiction. (*Id.* at ¶ 7.) The Agreement further provided that CDI shall permit an audit or examination of its books, records, papers or reports as necessary to determine if it is making full and prompt payment to Plaintiffs. (*Id.*)

Plaintiffs claim to have acted pursuant to the Agreement in requesting an audit of CDI's books and records. (*Id.* at ¶ 8.) Plaintiffs allege that "during the course of the audit and based upon the fact that [CTI] and [CDI] interchangeably employed laborers who are represented by Local 310 and, at various times, interchangeably paid fringe benefit contributions to [P]laintiffs, the auditor requested production of employment records of [CTI]." (*Id.*) Plaintiffs assert that Defendants CDI and CTI, as alter egos, joint employers and/or members of a joint enterprise, have failed and refused to provide records necessary for completion of the audit. (*Id.* at ¶ 9.)

Claiming to have no plain or adequate remedy at law, Plaintiffs seek an order compelling Defendants to specifically perform the audit as requested. (*Id.* at ¶ 10.) Plaintiffs allege that, upon completion of the audit, Defendants should be held jointly and severally responsible for any payment of delinquent contributions as discovered by the audit. (*Id.* at ¶ 11.) Plaintiffs likewise assert that Defendants are further liable to them for, *inter alia*, a 10% assessment on any delinquent contributions, interest at the rate of 1% per month, the costs of the audit, reasonable attorney fees and litigation expenses. (*Id.*)

On July 6, 2009, Defendants filed an Answer to the Complaint. (ECF # 16.) On September 16, 2009, Defendants filed an Amended Answer to the Complaint. (ECF # 20.) In the Amended Answer, Defendants deny all material allegations in the Complaint and assert eight

defenses. (*Id.*)

On September 18, 2009, Defendants filed the instant Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). (ECF # 21.) On October 20, 2009, Plaintiffs filed an Opposition to the Motion for Judgment on the Pleadings. (ECF # 22.) Finally, on November 3, 2009, Defendants filed a Reply Brief in support of their Motion. (ECF # 23.) Thus, the Motion has been briefed fully and is now ripe for disposition.

## II. STANDARD OF REVIEW

Review of a motion brought pursuant to Rule 12(c) for judgment on the pleadings is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss for failure to state a claim. *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss under Rule 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

(2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974. It is with this standard in mind that the instant Motion shall be decided.

### III. DISCUSSION

In the Motion for Judgment on the Pleadings, Defendants argue that Plaintiffs' claim must be dismissed because the United States Court of Appeals for the Sixth Circuit has refused to apply the alter ego theory of liability in cases where, as here, "the union shop is established after the non-union shop." (ECF # 21 at 4.) Defendants state, "[t]he Sixth Circuit's reasoning is simple: If there is no pre-existing labor obligation to be avoided, then there can be no fraudulent avoidance through corporate form." (*Id.*) Accordingly, Defendants argue that, because CDI, the union shop, was established after CTI, which is non-union, the alter ego theory of liability is inapplicable in these circumstances. (*Id.* at 5.)

In support of their position, Defendants rely upon the Sixth Circuit's decision in *Trustees of the Resilient Floor Decorators Insurance Fund v. A & M Installations, Inc.*, 395 F.3d 244 (6th Cir. 2005). In that case, the trustees for multi-employer fringe benefit funds for union workers in the floor covering industry brought a lawsuit against a carpet installation company, the company's owner, a commercial carpet seller, and the seller's owner to collect employee fringe

benefit contributions pursuant to ERISA. *Id.* at 244-46. In the Complaint, the plaintiffs alleged that the installation company and the commercial carpet seller were alter egos of one another, and that the labor performed by the seller's non-union employees was subject to the trustees' collective bargaining agreement with the installation company. *See id.*

In reviewing the district court's grant of summary judgment for the defendants, in which the court found that no genuine issue of material fact existed as to whether the installation company and the commercial carpet seller were alter egos of one another, the Sixth Circuit found that an intent to evade pre-existing obligations is the focus of the alter ego doctrine. *See id.* at 248. The Sixth Circuit observed, "In the absence of some indication that the relationship between the companies has changed over the years or has caused the union to receive less than that for which it bargained, there is no inequity that would justify a court's imposition of liability." *Id.* (internal quotations and citations omitted). Because the plaintiffs did not allege that the installation company concealed its close relationship with the commercial carpet seller, and because there was no indication that the union did not receive the full benefit of the collective bargaining agreement with the installation company, the Sixth Circuit agreed that the application of the alter ego doctrine was inappropriate. *See id.*

Subsequent to *Resilient Floor*, however, the Sixth Circuit has made clear that an intent to evade pre-existing obligations is but a factor to be considered in deciding whether the alter ego doctrine is applicable, along with "substantial identity of management, business purpose, operation, equipment, customers, supervision and ownership." *Trustees of the Detroit Carpenters Fringe Benefit Funds v. Industrial Contracting, LLC*, 581 F.3d 313, 319 (6th Cir. 2009) (internal quotation and citation omitted). In this case, Plaintiffs attempt to set forth a

"reverse" double-breasting action, where the non-union company, CTI, opened a sister company, CDI, that signed with a union. (ECF # 22 at 5.) Plaintiffs allege that CTI and CDI interchangeably employed laborers who are represented by Local 310 and, at various times, interchangeably paid fringe benefit contributions to Plaintiffs. For purposes of ruling on the present Motion, the Court must accept these allegations as true. This Court has reviewed the relevant law as well as the Complaint and finds, at this stage of the proceedings, the allegations are sufficient to proceed against Defendants. Hence, the Motion for Judgment on the Pleadings is DENIED (ECF # 21) without prejudice to raise these issues in a motion for summary judgment.

## IV. CONCLUSION

Based upon the foregoing, Defendants' Motion for Judgment on the Pleadings is DENIED (ECF # 21).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _December 23, 2009_